**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

                                                                                             18-CR-028-A
             v.                                                                **DECISION AND ORDER**

DONALD HENNINGS,

                  Defendant.

_____

The Government has filed objections to Magistrate Judge Jeremiah J. McCarthy's Report and Recommendation (Docket No. 44), which concludes that Count 1 of the indictment is impermissibly duplicitous and should be dismissed without prejudice. For the reasons stated below, the Court agrees that Count 1 is impermissibly duplicitous. The Court disagrees, however, that Count 1 should be dismissed. Instead, assuming that it does not seek a superseding indictment, the Government will be directed to elect which of the drug sales charged in Count 1 it will seek to prove at trial.

**BACKGROUND**

The Defendant is charged in a four-count indictment. The only count currently at issue, however, is Count 1. That Count charges as follows:

> Beginning on or about September 28, 2016, and continuing until on or about November 17, 2016, in the Western District of New York, the defendant, **DONALD HENNINGS**, did knowingly, intentionally, and unlawfully possess with intent to distribute, and distribute, 10 grams or more of a mixture and substance containing furanyl fentanyl, a Schedule I controlled substance analogue of [fentanyl], as defined in Title 21, United States Code, Section 802(32), knowing that the mixture and substance was intended for human consumption as provided in Title 21, United States Code, Section 813, and butyryl fentanyl, a Schedule I controlled substance.
> **All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).**

The Government represents that the conduct underlying Count 1 is ten different sales of butyryl fentanyl and furanyl fentanyl, occurring on ten different days over a roughly seven-week period. Each alleged sale involved fewer than 10 grams of either butyryl fentanyl or a mixture of butyryl fentanyl and furanyl fentanyl. Thus, had each sale been charged as a separate violation of 21 U.S.C. § 841(a)(1), none would have triggered a mandatory-minimum sentence. But because Count 1 combines the sales into a single violation of § 841(a)(1), the total weight of butyryl fentanyl and furanyl fentanyl is more than ten grams. As a result, the Defendant is subject to a mandatory-minimum five-year sentence if he is convicted of Count 1. *See* 21 U.S.C. § 841(b)(1)(B).

The Defendant moved to dismiss Count 1 as impermissibly duplicitous. Judge McCarthy, to whom the Court referred this case pursuant to 28 U.S.C. § 636(b)(1)(B), recommends granting the Defendant's motion and dismissing Count 1 without prejudice.

The Government has filed objections to Judge McCarthy's recommendation. The Court therefore reviews the Report and Recommendation *de novo*. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

An indictment is "impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of [Federal Rule of Criminal Procedure] 8(a)'s requirement that there be 'a separate count for each offense,' and 2) the defendant is prejudiced thereby." *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001). Because "each unlawful transfer" of a controlled substance is "a distinct offense" under 21 U.S.C. § 841(a)(1), *United States v. Lartey*, 716 F.2d 955, 967 (2d Cir. 1983), there is

no dispute in this case that Count 1 is duplicitous. *See* Docket No. 47 at 6 (Government's concession that Count 1 is duplicitous).

Thus, the only question is whether Count 1's duplicity prejudices the Defendant. In deciding whether the Defendant is prejudiced, the Court is mindful that the doctrine of duplicity "is to be more than an exercise in mere formalism" and must, instead, "be invoked only when an indictment affects the policy considerations that underlie that doctrine." *United States v. Margiotta*, 646 F.2d 729, 732-33 (2d Cir. 1981) (quotation marks omitted). Those considerations "include the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution." *Id.* at 733. At bottom, these considerations "suggest[] that a single count of an indictment should not be found impermissibly duplicitous whenever it contains several allegations that could have been stated as separate offenses, but only when the failure to do so risks unfairness to the defendant." *Id.* (citation omitted).

There is little question that the Defendant is prejudiced by Count 1's duplicity. Combining the ten separate drug sales at issue in Count 1 exposes the Defendant to a mandatory five-year sentence to which he would not otherwise be subject.[1] *See United*

---

[1] The Government notes that, if the Defendant had been charged with ten separate violations of § 841(a)(1), he would be exposed to a maximum sentence of 200 years' imprisonment, rather than the 40-year maximum he now faces in Count 1. *See United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006) ("[D]uplicity may actually inure to a defendant's benefit by limiting the maximum penalties he might face if he were charged and convicted on sperate counts for what amounts to a single scheme") (quotation marks omitted). The Government is correct that a disaggregated indictment would expose the Defendant to a far-greater maximum sentence than he now faces, but even with the total drug weight and other factors that appear to be at issue in this case, the Sentencing Guidelines would surely recommend a sentencing range far below 200 years. *See also* 18 U.S.C. § 3584(b).

*States v. Murray*, 618 F.2d 892, 898 (2d Cir. 1980) (rejecting duplicity challenge because, among other reasons, defendants "were sentenced as if they had violated only one of the statutes, each of which in this instance carries the same penalties").

The Government responds that this "policy concern is not implicated where the defendant is only exposed to the enhanced penalty after the government puts on proof and the jury finds the drug quantity element beyond a reasonable doubt." Docket No. 47 at 7. This argument concludes that the Defendant will not be prejudiced if he is convicted as charged by assuming that the Defendant has been properly charged. But it does not respond to the question raised in the Defendant's motion: whether he has been properly charged. *See United States v. Droms*, 566 F.2d 361, 363 n.1 (2d Cir. 1977) (observing that "[d]uplicity . . . is only a pleading rule").

The question, then, is whether it was proper in this case to aggregate ten separate drug sales into a single § 841(a)(1) count. The Government argues that, based on the facts underlying Count 1, it was proper to do so.

The Government's argument rests on the Second Circuit's decision in *United States v. Tutino*, 883 F.2d 1125 (2d Cir. 1989). In *Tutino*, the defendants were charged with (among other things) a violation of § 841 that consisted of "the aggregation of two heroin sales." *Id.* at 1141. The Second Circuit observed that "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of *a single continuing scheme.*" *Id.* (emphasis added) (citing *United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981)). *See also id.* ("As long as the essence of the alleged crime is carrying out a single scheme to defraud, then aggregation is permissible.") The court then noted that the defendants "were involved in

4

an ongoing and continuous drug conspiracy, and that the two sales were part of a single continuing scheme." *Id.* Applying *Tutino* here, the Government argues that it is proper to combine separate drug sales into a single violation of § 841(a)(1) as long as the Government shows that the sales were part of a "scheme." And, the Government argues, the facts surrounding each drug sale in this case show that the separate sales were, in fact, part of a scheme.

In the nearly thirty years since it decided *Tutino*, the Second Circuit appears to have discussed the concept of aggregating drug sales under § 841 in only a handful of cases.[2] In nearly all of those cases, however, the Second Circuit has suggested that *Tutino*'s holding is either wrong or narrower than the Government argues.[3]

In *United States v. Harrison*, 241 F.3d 289, 291 (2d Cir. 2001), for instance, the court stated that a "five-year mandatory minimum sentence did not apply to [the defendant] because [21 U.S.C. § 841(b)(1)(B)(iii)] did not call for aggregation of the drug quantities in the two substantive counts." To support that proposition, *Harrison* cited the Sixth Circuit's decision in *United States v. Winston*, 37 F.3d 235, 240 (6th Cir. 1994).

---

[2] Although the Second Circuit has applied *Tutino* in only a few drug cases, it has applied *Tutino* in a number of cases involving fraud and conspiracy charges. *See United States v. Vilar*, 729 F.3d 62, 80 (2d Cir. 2013) (conspiracy to commit several different frauds); *United States v. Tawik*, 391 F. App'x 94, 97 (2d Cir. 2010) (finding duplicity claim "without merit" where "the government's theory in the case was to charge defendants with a single scheme to defraud that included multiple deliveries"); *United States v. Schlesinger*, 261 F. App'x 355, 358 (2d Cir. 2008) (conspiracy to commit mail and wire fraud); *United States v. Walker*, 254 F. App'x 60, 62 (2d Cir. 2007) (bank fraud); *United States v. Arcari*, 968 F.2d 1512, 1518 (2d Cir. 1992) (conspiracy to defraud the United States with "various means of furthering that conspiracy"). In this regard, it is noteworthy that the only authority *Tutino* cites for its "single continuing scheme" rule is *United States v. Margiotta*, 646 F.2d 729 (2d Cir. 1981), a case in which the defendant argued that a mail fraud charge was duplicitous. Of course, unlike § 841(a)(1), the mail fraud statute criminalizes "scheme[s] and artifice[s]." 18 U.S.C. § 1341.

[3] *But see United States v. Moore*, 618 F. App'x 726, 727 (2d Cir. 2015) (summary order concluding that § 841 charge alleging aggregated drug sales was not impermissibly duplicitous because "[t]here was sufficient evidence that the discrete sales were part of a single continuing scheme of drug sales" and because "any potential prejudice . . . was cured by the District Court's instruction to the jury that its findings as to drug quantity must be unanimous").

5

Relying on § 841's text, its legislative history, and the "duty to construe narrowly the applicability of any criminal statute," *Winston* held that the term "a violation" in § 841(b)(1)(A) "refers to a *single* violation." *Id.* at 240-41 (quotation marks omitted; emphasis in original). Thus, according to *Winston*, "where a defendant violates [§ 841(a)] more than once, possessing less than 50 grams of cocaine base on each separate occasion"—that is, a violation that would not trigger a ten-year mandatory-minimum sentence under then-current law—§ 841(b)(1)(A)'s penalty provision "does not apply, for there is no *single* violation involving '50 grams or more' of cocaine base." *Id.* at 240 (emphasis in original). "This is true," the Sixth Circuit concluded, "even if the sum total of the cocaine base involved all together, over the multiple violations, amounts to more than 50 grams." *Id.*

Although *Harrison* and *Winston* suggest that *Tutino*'s holding was incorrect (at least in the context of drug charges), the Second Circuit has also suggested that *Tutino*'s aggregation rule remains valid but is limited to cases in which a defendant is charged with both a substantive drug count and an overlapping drug conspiracy. In *United States v. Pressley*, 469 F.3d 63 (2d Cir. 2006) (per curiam), for instance, the Second Circuit observed that, "in the context of multiple substantive offenses [of § 841], *as opposed to conspiratorial crimes*, we have remarked that § 841(b) disallows the aggregation of drug quantity." *Id.* at 65 (emphasis added).[4]

The Second Circuit's decision in *United States v. Sturdivant*, 244 F.3d 71 (2d Cir. 2001) (Sotomayor, J.) lends strong support to this interpretation of *Tutino*. In *Sturdivant*,

---

[4] *Pressley* did not cite authority for this statement. Instead, the court appeared to endorse the appellant's summary of duplicity doctrine in drug cases. That summary was based on *Harrison* and *Winston*. *See* Brief for Defendant-Appellant at 10-13, *United States v. Franklin, et al.*, No. 05-2487 (2d Cir. Apr. 3, 2006).

6

the defendant went to trial on a two-count indictment. The first count alleged a drug conspiracy, in violation of 21 U.S.C. § 846, and the second count alleged possession with intent to distribute, and distribution, of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 2.[5] The conspiracy count "charged the existence of a conspiracy to commit the acts charged" in the substantive count. *Id.* at 76. At the close of the Government's proof, the district court granted the defendant's motion for judgment of acquittal on the conspiracy count, but the court allowed the jury to decide the substantive count. The district court then denied the defendant's motion to dismiss the substantive count as duplicitous. The defendant was convicted of the substantive count.

On appeal, the Second Circuit noted that *Tutino* permits the aggregation of separate drug sales into a single § 841 count "'if those acts could be characterized as part of a single continuing scheme.'" *Id.* (quoting *Tutino*, 883 F.2d at 1141). The Second Circuit's next observation is critical to the Court's understanding of *Tutino*: The Second Circuit observed that, "[*t*]*aking the conspiracy and substantive counts together*, the indictment, as seen prior to trial, could reasonably have been interpreted to charge that the two transactions included in [the substantive count] were part of a single continuing scheme and thus were properly included in one count." *Id.* (emphasis added). The court then held that the defendant had not waived his duplicity argument by not raising it before trial because it was "[o]nly after the [district] court dismissed the conspiracy count at the close of the government's case" that the substantive count "t[oo]k on a potentially impermissibly duplicitous character." *Id.*

---

[5] This allegation trigged a mandatory-minimum sentence under the then-in-effect version of § 841(b)(1)(B).

Clearer guidance on this question would be helpful, but in the absence of further clarification, the Court believes that the best reading of *Tutino* and post-*Tutino* case law is as follows: To aggregate separate drug transactions into a single violation of 21 U.S.C. § 841(a)(1), the grand jury must also charge a defendant with an overlapping narcotics conspiracy, or some other crime that connects the otherwise-separate drug sales charged in the substantive count. As discussed above, this conclusion rests almost entirely on *Sturdivant*. *Tutino* held that individual sales may be combined into a single count if the sales are part of a "scheme," but *Sturdivant* appears to hold that some type of "scheme" must be alleged elsewhere in the indictment, such as in a conspiracy charge. If that were not the case, it is unclear why *Sturdivant* would have needed to acknowledge that "the conspiracy and substantive counts *together*" showed the existence "of a single continuing scheme." *Sturdivant*, 244 F.3d at 76 (emphasis added). And if *Sturdivant* interpreted *Tutino* in some other way, it would make little sense for *Sturdivant* to have noted that duplicity concerns arose only *after* there was no longer a conspiracy charge. *See also Pressley*, 469 F.3d at 65 (observing that "a conspiracy is a single violation" within the meaning of § 841(b) because a conspiracy "is an illegal agreement that may, and often does, encompass an array of substantive illegal acts carried out in furtherance of the overall scheme") (emphasis omitted).

The Court therefore concludes that, based on the best reading of *Tutino* and post-*Tutino* case law, Count 1 is impermissibly duplicitous because (1) it combines several separate violations of § 841(a)(1) into a single violation of § 841(a)(1); (2) it thereby exposes the Defendant to a mandatory-minimum sentence; and (3) it does so without

allegations—such as an overlapping conspiracy—suggesting the existence of a "scheme."

To remedy Count 1's duplicity, Judge McCarthy recommends dismissing Count 1 without prejudice. It is unclear, however, whether dismissal is an appropriate remedy for duplicitous pleading. *See Sturdivant*, 244 F.3d at 79 ("Duplicity does not necessarily require dismissal of an indictment."); 1A Wright & Leipold, *Federal Practice & Procedure* § 145 at 94 (4th ed. 2008) ("An indictment . . . charging two separate offenses in a single count is duplicitous, but this flaw does not require dismissal of the indictment.") Instead, the Second Circuit has observed that the remedy for duplicity identified "prior to a defendant's conviction" is to either (1) direct the Government to "elect to proceed based upon only one of the distinct crimes included within a duplicitous count," or (2) instruct the jury that it must be "unanimous as to the conduct underlying the conviction." *Sturdivant*, 244 F.3d at 79. The Government argues that the Court can cure Count 1's duplicity by providing the jury with a unanimity instruction and a special verdict form. *See* Docket No. 47 at 15-16.

The Government's proposal would ensure that a jury finds each of the drug sales that, together, trigger a mandatory-minimum sentence. But if the Court were to instruct a jury that ten separate drug sales could collectively amount to a single violation of § 841(a)(1), the Court would need to either (1) instruct the jury on the meaning of a "scheme"; and/or (2) interpret the term "a violation" in § 841(b)(1) to encompass multiple § 841(a)(1) violations, rather than a single violation.[6] Neither of these options, however,

---
[6] The Government argues that whether a "scheme" exists is a legal question for the Court to decide. *See* Docket No. 47 at 12. But in this case, the existence of a "scheme" is the only thing that links otherwise-separate drug transactions together to trigger a mandatory-minimum sentence. Thus, the existence of a "scheme" is effectively a "fact that increases the mandatory minimum," which the Court "must . . . submit[]

9

is grounded in § 841's text. And nothing in Second Circuit case law suggests that a "scheme" is an element of a § 841(a)(1) offense or a method of "violat[ing]" § 841(a)(1). 21 U.S.C. § 841(b)(1)(B). *See Winston*, 37 F.3d at 240 ("It is obvious from [§ 841(b)(1)(A)'s] face—from its use of the phrase '*a* violation'—that this section refers to a *single* violation.") (emphasis in original). The Government has identified no Second Circuit case law to the contrary.

Indeed, other provisions of the Comprehensive Drug Abuse Prevention and Control Act of 1970 support the conclusion that the term "a violation" in § 841(b)(1) refers only to a single violation of § 841(a). In interpreting a statute, the Court must, of course, "look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988). To interpret § 841(a)(1) in the way the Government advocates—that is, as allowing a jury to find that a single § 841(a)(1) count encompasses multiple § 841(a)(1) violations—would make little sense in light of Congress's decision, elsewhere in the Drug Abuse Prevention and Control Act, to penalize (under certain circumstances) "a continuing series of violations" of—among other statutes—§ 841(a)(1). 21 U.S.C. § 848(c)(2). "Omitting a phrase from one statute that Congress has used in another statute with a similar purpose 'virtually commands the inference' that the two have different meanings." *Prewett v. Weems*, 749 F.3d 454, 461 (6th Cir. 2014) (quoting *United States v. Ressam*, 553 U.S.

---

to the jury." *Alleyne v. United States*, 570 U.S. 99, 104 (2013). Put differently, whether there is a "scheme" in this case is no different than the question in a conspiracy case of whether "it was either known or reasonably foreseeable to the defendant that the conspiracy involved the drug . . . quantity charged"—a fact that "the government must . . . prove," *United States v. Santos*, 541 F.3d 63, 70-71 (2d Cir. 2008), or the defendant must admit. *See United States v. Culbertson*, 670 F.3d 183, 189 (2d Cir. 2012) ("We have previously held that in order to provide a factual basis for a plea to a drug conspiracy charge under 21 U.S.C. § 841(b)(1)(A), an allocution must establish that the 'drug type and quantity were at least reasonably foreseeable to the co-conspirator defendant.'") (quoting *United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006)).

272, 276-77 (2008); ellipsis in *Prewett* omitted). And when Congress chooses to use a phrase in one statute but not in a related statute, "courts should hesitate to pencil it back in under the guise of interpretation." *Id.*

Thus, the only available remedy for Count 1's duplicity is to direct the Government to make an election. If the Government does not seek a superseding indictment, the Government will therefore be required to elect which of the sales underlying Count 1 it will seek to prove at trial.

## CONCLUSION

The Defendant's motion to dismiss is granted to the extent it seeks a ruling that Count 1 is impermissibly duplicitous, but the Defendant's motion is denied to the extent it seeks dismissal of Count 1. The parties shall appear on September 7, 2018 at 9:00 a.m. for a status conference to advise the Court whether the Government will make an election or, instead, seek a superseding indictment.

**SO ORDERED.**

Dated: September 5, 2018            __s/Richard J. Arcara__
    Buffalo, New York            HONORABLE RICHARD J. ARCARA
                                                            UNITED STATES DISTRICT JUDGE